UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                                                      ) | CR. NO. 04-10135GAO |
| ) | |
| THOMAS SCOLA                          ) | |

MOTION FOR DISCOVERY CONCERNING
CHEMIST'S NOTES

Now comes the defendant and requests this Honorable Court order the government to have the chemist "interpret" the handwritten notes he produced pursuant to a motion agreed upon and allowed by this Court.

In support thereof, the defendant states that the chemists's notes concerning the weighing of the drugs in this matter are handwritten, sometimes illegible and contain symbols and abbreviations. The defendant has sent a letter to the government requesting this information which the government refuses to produce. (See attached letter and response by government).

The weight of the drugs in this case is a critical issue. The weight of the drugs allegedly sold by the defendant in fourteen hand to hand sales is 106 grams. This Court, O'Toole, J. denied the defendant's motion for funds to hire an expert chemist to review the government reports and reweigh the drugs. The defendant intends to move for reconsideration and seeks to do so with more information. It already appears from the notes that in at least one of the sales, capsules were crushed among the powder, with the

1

chemist attempting to pick out the larger pieces of capsule to achieve a net wet. A capsule alone could account for 6 grams. If the weight of these drugs is less than 100 grams, the defendant will not face a mandatory minimum sentence.

The weight of the drugs is an element of the charge based on the indictment. The drug quantity is the functional equivalent of an element of a greater offense because it is a fact that has the potential to increase the statutory maximum sentence. Under Apprendi v. New Jersey, 530 US 466 (2000) the defendant is entitled to have the jury determine the weight of the drugs he is charged with. He is entitled to know the means and method by which this determination was made and challenge such evidence through cross-examination and/or by calling his own expert.

In addition, should the defendant decide to plead guilty, he faces the possibility of career offender status and the difference between 99.99 grams and 106 grams is the difference between a potential sentence of twenty two plus years to life or a sentence of seventeen plus years to a maximum of 27 years. [1]

The government has responded to the defendant's request for an interpretation of the chemist's abbreviations and handwriting by stating that these questions may be asked at trial. This is simply unfair. Cross examination is not the appropriate venue to ask a witness what they meant in their handwritten notes. At that point, it will be too late to devise an appropriate defense strategy or call a defense expert. Cf. Sackman v. Liggett Group, Inc., 173 F.R.D. 358 ( E.D.N.Y.,1997) (Magistrate Judge granted plaintiff's motion to compel production of particular documents and directed the defendants to

---

[1] Although the advisory nature of the guidelines after United States v. Booker leaves the issue of career offender somewhat up in the air, the defendant, nevertheless, must prepare for this contingency.

furnish to the plaintiffs the typed transcripts which the court requested to assist in the reading of documents containing handwritten notes or that were otherwise illegible.); Cutler v. Weinberger, 516 F.2d 1282 (C.A.N.Y. 1975.) ( Remand warranted for clarification and supplementation where medical records are illegible either because of the poor quality of the reproduction, the handwriting of the physician, or both. ); Machen v. Gardner, 319 F.Supp. 1243 (D.C.Tenn. 1968.) (In view of illegibility of physician's handwriting setting forth his findings and opinions cause remanded for further proceedings including taking physician's testimony on oral examination).

Wherefore, the motion should be allowed.

>Thomas Scola
>By His Attorneys
>CARNEY & BASSIL
>
>/s/ Janice Bassil
>Janice Bassil
>B.B.O. # 033100
>CARNEY & BASSIL
>20 Park Plaza
>Suite 1405
>Boston, MA 02116
>617-338-5566

March 7, 2005

### Certificate of Service

I, Janice Bassil, state that I have served a copy of the within motion to AUSA David Tobin, United States Attorney's Office, One Courthouse Way, Boston, Ma. 02210 by facsimile and regular mail and to all counsel of record this 7th day of March, 2005. Signed under the pains and penalties of perjury.

>/s/ Janice Bassil
>Janice Bassil