UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO. 04-10135GAO |
| ) | |
| THOMAS SCOLA ) | |

MOTION TO REWEIGH DRUGS

Now comes the defendant and requests this Honorable Court allow the defendant to have a chemist retained by him reweigh the drugs in question and order the government to take all steps necessary to accomplish this.

The defendant is charged with conspiracy to possess heroin with intent to distribute with his co-defendants from December, 2003 until April 7, 2004 of more than 100 grams of heroin. He is also charged with fourteen counts of possession with intent to distribute heroin in which he allegedly made hand-to-hand sales to an undercover DEA agent.

4. The fourteen counts of possession with intent involve a total of 106 grams of heroin. In addition there were 16.1 grams found on the co-defendant Federico Nivar when arrested on April 7, 2004 and an additional 48 grams found in Nivar's apartment. Under Apprendi v. New Jersey, 530 US 466 (2000), the fact that the indictment alleges over 100 grams, and that the weight increases the statutory maximum, the amount of

drugs charged is an element of the crime that must be proven to the jury beyond a reasonable doubt. The defendant intends to try the issue of the amount of drugs before a jury.[1]

According to the discovery provided, Scola personally sold to the agent the following drugs:

| Date | Description | Weight |
|---|---|---|
| 12-10-03 | 6 capsules *<br>Exhibit 19 | 1.2 grams or .85 grams |
| 12-18-03 | 6 capsules *<br>Exhibit 24 | .77 grams |
| 10-08-03 | Baggie with powder<br>Exhibit 26 | 4.7 grams |
| 1-21-04 | Baggie with powder contained inside of a second bag<br>Exhibit 27 | 7.9 grams |
| 1-27-04 | Baggie with powder contained inside of a second bag<br>Exhibit 32 | 12.8 grams |
| 2-03-04 | Baggie with powder contained inside of a second bag<br>Exhibit 33 | 12.7 grams |
| 2-10-04 | Baggie with powder contained inside of a second bag<br>Exhibit 35 | 9.7 grams |
| 2-18-04 | Baggie with powder contained inside of a second bag<br>Exhibit 36 | 7.7 grams |
| 2-25-04 | Baggie with powder and tape on bag<br>Exhibit 38 | 7.5 grams |
| 3-04-04 | Baggie with powder with twist tie with tape on bag inside of a second bag with twist tie<br>Exhibit 40 | 7.5 grams |

---

[1] The defendant asserts that he is not responsible, knowledgeable, nor could he forsee the amount of drugs that Federico Nivar would have on his person or in his car on a date and time when Nivar was not with the defendant.

| | | |
|---|---|---|
| 3-10-04 | Baggie with powder with twist tie with tape on bag inside of a second bag with twist tie<br>Exhibit 57 | 9.2 grams |
| 3-18-04 | Baggie with powder with twist tie with tape on bag inside of a second bag with twist tie<br>Exhibit 60 | 8.1 grams |
| 3-24-04 | Baggie with powder contained inside of a second bag<br>Exhibit 63 | 8.9 grams |
| 3-30-04 | Baggie with powder with twist tie with tape on bag inside of a second bag with twist tie<br>Exhibit 64 | 8.1 grams |
| TOTAL | | 106 grams |

\* The capsules were broken and mixed with the powder prior to weighing

    5. One hundred grams is a significant cut off point in this matter. If the weight of the drugs allegedly possessed and sold by the defendant is less than 100 grams, there is no mandatory minimum sentence, an enhancement for a prior conviction is not mandatory and the defendant's potential sentence under the career offender sentencing guidelines changes dramatically.

    6. In an effort to determine whether the government could prove that the weight of the drugs exceeded 100 grams beyond a reasonable doubt, the defendant requested discovery from the government. The government produced the Forensic Chemist Worksheets and other lab paperwork concerning the heroin and spoke with the chemist, Roger W. Godino concerning the weighing process. It would appear that the chemist used two different methods for weighing the heroin contained in the plastic bags. He either weighed the bags with packaging, emptied the bags and then weighed the packaging to achieve a net weight or he transferred the powder into a laboratory bag, weighed the total package and then subtracted the weight of the standard weight of a

standard laboratory bag. It is not clear which method he used or when he used a particular method in his weighing of the drugs in this case.

7. In the first two sales, the drugs were in capsule form. The capsules were broken and the chemist attempted to remove the capsules before weighing the powder. He was in error in at least one exhibit, Exhibit 19 which he initially reported as a net weight of 1.2 grams but now states is .85 grams. As the Court can see from the attached letters from the Assistant United States Attorney on this matter, the determination of the weight of each of these exhibits is unclear. There is no indication on the notes which method was used and the Assistant United States Attorney appears to have received different information at different times.

8. In an effort to determine whether the weight was a viable question, the defendant used the $300 of funds provided to him without prior court approval, to have Dr. Harvey Cohen, a chemist, review Mr. Godino's notes and the issue in question.

9. Dr. Cohen was not able to determine the method used to weigh the drugs. He also stated that heroin may pick up moisture while it is being handled, prior to its weight under laboratory conditions.

10. The Court has already provided the funds for Dr. Cohen to weigh the drugs.

Thomas Scola

By His Attorneys

CARNEY & BASSIL


___/s/Janice Bassil___
Janice Bassil
B.B.O. # 033100
CARNEY & BASSIL
20 Park Plaza
Suite 1405
Boston, MA 02116
617-338-5566

Date: June 2, 2005