UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA     )
                             )    CRIMINAL NO.
v.                           )    04-CR-10135-GAO
                             )
JILL DOUCETTE                )
_____)

<u>MOTION TO SEVER</u>

Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, the Defendant Jill Doucette moves this Honorable Court to sever the case against her from that against the other two defendants for trial. Ms. Doucette states the following grounds for this motion:

1. Ms. Doucette is charged in four counts of the sixteen count indictment in this case: (a) Count I: conspiracy to distribute and possession with intent to distribute heroin, hereinafter: the "conspiracy count"; and (b) Count VII, XII, and XIV: possession with intent to distributed heroin, aiding and abetting, on February 10, March 18, and March 30 of 2004, respectively (the "substantive counts"). She is also named in the forfeiture allegations.

2. Ms. Doucette was arrested with Thomas Scola on April 7, 2004 after police observed the two individuals sitting in a white Hyundai Sonata parked along Lake Quannpowitt in Wakefield, Massachusetts. Her post-arrest statement has been ordered suppressed.

3.  At the time of Mr. Scola's arrest, and after acknowledging his understanding of the Miranda warnings, Mr. Scola made certain admissions to D.E.A. Special Agent Dan Genese, among them, that he had been purchasing heroin from his source of supply, known to him as "Alex," (Federico Nivar) on a daily basis for the past year.  DEA-6 dated April 8, 2004 prepared by Dan Genese.

4.  At a minimum, this statement by Mr. Scola would be admissible against him at trial, but it would not be admissible against Ms. Doucette.  Bruton v. United States, 391 U.S. 123; 88 S. Ct. 1620; 20 L. Ed. 2d 476 (U.S.1968)

5.  As a separate matter, there is a mass of other evidence that would be admissible against the other two defendants but not against Ms. Doucette, as there is no admissible evidence that Ms. Doucette was a member of a conspiracy with Mr. Scola.  In the absence of admissible evidence that she was engaged in such a conspiracy, no statements made by Mr. Scola, Mr. Nivar, or anyone else, even if made in furtherance of the conspiracy, would be admissible against Ms. Doucette.  United States v. Petroziello, 548 F.2d 20  (1st Cir. 1977).

6.  There are cases in which joinder of defendants for trial may be proper under Rule 8(b) of the Federal Rules of Criminal
Procedure, but prejudicial and therefore subject to severance

under F. R. Crim. P. Rule 14.  U.S. v. Davidson, 936 F.2d 856 (6th Cir. 1991).  This occurs when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 938, ___ L.Ed.2d ___ (1993).

    7.   In this case, the admission of Mr. Scola's post-arrest statement and also the admission of numerous other statements by him, may force Ms. Doucette to waive her Fifth Amendment right and testify to her own lack of knowledge and involvement in the events at issue.  The compromise of her Fifth Amendment right not to testify has even more severe implications in this case than in most, as Ms. Doucette made a self-incriminating post-arrest statement that has been suppressed.  Therefore, the admission of, for example, Mr. Scola's post-arrest statement will put pressure on her to testify in her own defense, but doing so would compromise her rights with respect to the suppression order.

    8.   If Ms. Doucette is forced to stand trial with Mr. Scola and Mr. Nivar, the evidence against them will have a prejudicial spillover effect on her, resulting in the compromise of her Fifth Amendment rights.

    WHEREFORE, the Defendant respectfully requests this Honorable Court to sever her case from that of the other defendants for trial.

```
                                   Respectfully submitted,

                                   JILL DOUCETTE
                                   By her Attorney


                                    /s/ Leslie Feldman-Rumpler
                                   Leslie Feldman-Rumpler, Esq.
                                   BBO # 555792
                                   101 Tremont Street, Suite 708
                                   Boston, MA  02109
                                   (617) 728-9944
```

CERTIFICATE OF SERVICE

The undersigned, counsel for the defendant, hereby certifies that the within document has been served on all parties of interest.

```
 9/14/2005                          /s/ Leslie Feldman-Rumpler
Date                               Leslie Feldman-Rumpler, Esq.
```