UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>THOMAS SCOLA )<br>) | CR. NO. 04-10135GAO |

MOTION TO CONTINUE DATE FOR SENTENCING

Now comes the defendant and requests this Honorable Court change the sentencing date of the defendant from October 12, 2006 to November 14, 15 or 16, 2006. In support thereof, the defendant states that he has moved to set aside a conviction in the Salem District Court, which the government is relying upon to increase the defendant's sentence under 21 USC 851. The defendant was scheduled to be heard on September 27, 2006 but the matter had to be continued. Despite Counsel's request for an immediate date the Salem Court could only provide October 30, 2006. In addition, counsel expects to be completing a trial on October 12th in the Middlesex Probate and Family Court.

The defendant believes that if he is successful in vacating the prior conviction, it cannot be used by the Government to enhance his sentence. The defendant is not collaterally challenging the validity of the earlier sentence in this Court, but in the court of origin. In United States v. McChristian, 47 F. 3rd 1499 (9th Cir. 1994), the Ninth Circuit held that a prior conviction which had been vacated in the state court was not valid and could not be used to enhance the defendant's sentence in Federal Court under

21 USC 851. The Court found that the statute of limitations barring challenges to conviction more than five years old, applied to collateral challenges of convictions in Federal Court.

The defendant had hoped to have this issue resolved prior to the date of sentencing but has not been able to do so. Should the defendant succeed in vacating the prior conviction after his sentence, the matter would have to return to Court.

Thomas Scola

By His Attorneys

CARNEY & BASSIL

_____/s/Janice Bassil_____
Janice Bassil
B.B.O. # 033100
CARNEY & BASSIL
20 Park Plaza
Suite 1405
Boston, MA 02116
617-338-5566

Date: October 3, 2006