scola transcript from shelly.txt

1

1              UNITED STATES DISTRICT COURT FOR
                THE DISTRICT OF MASSACHUSETTS
2

3
                                    )
4    UNITED STATES OF AMERICA,      )
                                    )
5          Plaintiff,               )
                                    )   Criminal Action
6                                   )   No. 04-10135-GAO
     vs.                            )
7                                   )
                                    )
8    THOMAS SCOLA, ET AL,           )
                                    )
9          Defendants.             )
                                    )
10

11
               TRANSCRIPT OF STATEMENT OF REASONS
12

13        BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
                  UNITED STATES DISTRICT JUDGE
14

15
                  United States District Court
16            John J. Moakley U.S. Courthouse
                    1 Courthouse Way
17            Boston, Massachusetts  02210
                    November 15, 2006
18                    2:35 p.m.

19

20                  *  *  *  *  *  *

21

22
             SHELLY M. KILLIAN, RPR, CM, CRR
23               Official Court Reporter
             John J. Moakley U.S. Courthouse
24           1 Courthouse Way, Room 3510
                  Boston, MA  02210
25                (617) 737-7117


                                                    2


1   APPEARANCES:

2   For the Plaintiff:

3       David G. Tobin
        United States Attorney's Office
4       John Joseph Moakley Federal Courthouse
        1 Courthouse Way, Suite 9200

scola transcript from shelly.txt

5      Boston, Massachusetts  02210

6   For Defendant Thomas Scola:

7      Janice Bassil, Attorney at Law
       Carney & Bassil
8      20 Park Plaza, Suite 800
       Boston, Massachusetts  02116
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                                3

1                P R O C E E D I N G S

2              (The following proceedings were held in open

3      court before the Honorable George A. O'Toole, Jr.,

4      United States District Judge, United States District

5      Court, District of Massachusetts, at the John J. Moakley

6      United States Courthouse, 1 Courthouse Way, Boston,

7      Massachusetts, on November 15, 2006.

8              Defendant Thomas Scola is present with

9      counsel.  Assistant U.S. Attorney David Tobin is

scola transcript from shelly.txt

10    present.)

11            THE COURT:   We have determined that the

12    guidelines regard Mr. Scola as a career offender and

13    accordingly propose a range of 151 to 188 months on the

14    basis of that.  A career offender, as I said, meaning

15    that he has literally met the preconditions to that

16    status for the guidelines as they're set forth, which

17    are the two prior convictions.  He has a record that

18    includes more than two prior convictions.  But for the

19    career offender -- special career offender provision,

20    that complete record would result in something -- a

21    different assessment.

22            There's no doubt that the criminal career,

23    criminal history, is an important factor here.  It's a

24    factor recognized in the guidelines.  3553(a), the first

25    factor includes the history and characteristics of the


4

1    defendant.  The history is persistent criminal

2    behavior.  The characteristics include the entire social

3    history, which includes the family picture as presented

4    and the drug abuse, as well as the criminal episodes.

5            This offense of conviction, or these offenses

6    of conviction, are serious offenses as the government

7    has pointed out and merits serious punishment.  There

8    is, I think, room for considerable debate about the

9    deterrence effect of sentences, and particularly of

10    any -- a sentence of any particular length, both as a

11    matter of general deterrence -- perhaps as a matter of

12    specific deterrence, although I think that it's probably

13    in this -- well, in some circumstances probably a

14    greater specific deterrence effect from a large sentence

scola transcript from shelly.txt

15    than there may be a general deterrence effect from that.

16    Weighing all the considerations, I think that

17    the guidelines recommendation is a sentence that is too

18    high for these circumstances.  Because although it would

19    not be appropriate under the guidelines to take account

20    of the drug abuse, the persistent, virtually lifelong

21    drug abuse, I do think it is appropriate in assessing

22    the statutory factors, particularly in light, as the

23    defense argues, of the requirement, and I read it as a

24    requirement, that the sentence be sufficient but not

25    greater than necessary to achieve the objectives of the

5

1    statute.  So I think under these circumstances a

2    sentence of 120 months is an appropriate sentence.

3    I would say that I gave some consideration to

4    the possibility that it would not be a minimum that

5    would control, and I gave some thought to whether the

6    sentence ought to be similar to the sentence imposed on

7    Mr. Nivar because the behavior was almost matched,

8    parallel behavior.  The significant difference, though,

9    is I think that Mr. Nivar does not have the criminal

10    history this defendant has and, therefore, this

11    defendant merits a higher sentence than Mr. Nivar would

12    on that reason.

13    So I -- for what it's worth, if it ever

14    becomes relevant, were I free to go below 120 months, I

15    would not.  I think that represents, I did a quick

16    calculation, slightly less than a 40 percent increase

17    over Mr. Nivar's; and I think that's appropriate to

18    recognize the difference in criminal history.

19    So, Mr. Scola, Thomas Scola, on your

scola transcript from shelly.txt

20    conviction of these offenses and pursuant to the

21    Sentencing Reform Act of 1984, it is the judgment of the

22    Court that you be and you hereby are committed to the

23    custody of the Bureau of Prisons to be imprisoned for a

24    term of 120 months.   This consists of equal terms of 120

25    months on all of the counts -- of each of the counts of

6

1    conviction, all to be run concurrently.   I will make a

2    recommendation in the judgment that you be considered

3    for participation in the 500-hour comprehensive drug

4    treatment program.   Upon your release from imprisonment,

5    you shall be placed on supervised release for a term of

6    eight years.

7              PROBATION OFFICER:   Six.

8              THE COURT:   Six years, adjusted for the

9    new...   The term consists of six years on each of the

10   counts of conviction, all to run concurrently.   Within

11   72 hours of your release from the custody of the Bureau

12   of Prisons, you shall report in person to the district

13   to which you've been released.   While you're on

14   supervised release, you shall not commit any other

15   federal, state, or local crime.   You shall refrain from

16   the unlawful use or possession of any controlled

17   substance.   You shall submit to a drug test within 15

18   days of your release from imprisonment and at least two

19   periodic drug tests thereafter, not to exceed a total of

20   104 in any given calendar year, all as may be directed

21   by your probation officer.   You shall submit to the

22   collection of a DNA sample as directed by the probation

23   office.

24              While you're on supervised release, you shall

scola transcript from shelly.txt

25    observe all the standard conditions that pertain to the

7

1    status as they are set forth in the sentencing

2    guidelines at Section 5D1.3(c).  Those conditions are

3    incorporated by reference and will be set forth in the

4    judgment.

5             You are prohibited from possessing a firearm,

6    destructive device, or other dangerous weapon.  You are

7    to participate in a program for substance abuse

8    treatment or counseling as may be directed by the

9    probation office, which may also include drug testing,

10   random drug testing, again not to exceed 104 tests in

11   any given year.  You may be required to contribute to

12   the cost of such program based on your ability to pay or

13   the availability of third-party payment.  You also may

14   be required to participate in any mental health program

15   or treatment as directed by the probation office and,

16   again, may be required to contribute to the cost of such

17   program based on your ability to pay or the availability

18   of third-party payment.

19             I will not impose a monetary fine in view of

20   the financial circumstances of the defendant, but there

21   is a mandatory assessment of $100 on each of the 14

22   counts of conviction, which totals $1,400, which shall

23   be due forthwith.

24             MS. BASSIL:  I'd ask you to lift that amount

25   forthwith, your Honor, since he'll be incarcerated ten

8

1    years.

2             THE COURT:  What's the custom in --

3             PROBATION OFFICER:  BOP, I believe, will try
                              Page 6

scola transcript from shelly.txt

4    to take it out once he gets in there.

5              THE COURT:   At what rate?  Do you know?

6              PROBATION OFFICER:   I'm not sure what rate.

7              THE COURT:   Do they deplete his account

8    entirely or do they take --

9              PROBATION OFFICER:   No, no.

10             THE COURT:   -- some portion?

11             PROBATION OFFICER:   They'll take it out in

12   stages.

13             THE COURT:   They can do that then.

14                      * * * * *

15

16

17

18

19

20

21

22

23

24

25